# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ADENTA GMBH, DR. WOLFGANG HEISER,
and MR. CLAUS SCHENDELL,

                Plaintiffs,           Case No. 04-C-905

      v.

ORTHOARM INC. and AMERICAN
ORTHODONTICS CORPORATION,

                Defendants.

## OPINION AND ORDER

Shortly before the trial of this case is to commence, Defendant OrthoArm has filed a motion to dismiss for lack of subject matter jurisdiction. The Plaintiffs are seeking a declaratory judgment that a patent now owned by Defendant American Orthodontics Corporation is invalid. Plaintiff Adenta sells a possibly infringing device and says that it fears a suit for infringement by Defendants American or OrthoArm. Movant OrthoArm argues that this is merely a contract action involving the Plaintiffs' cessation of paying royalties under a contract with American. If the patent claim is not based on an actual controversy, this court would not have federal question jurisdiction over the subject matter of this case.

When jurisdiction over a claim for a declaratory judgment of patent invalidity is at issue, the Federal Circuit has explained that:

> A declaratory judgment [claim], according to the relevant procedural provision, may be brought to resolve an "actual controversy" between "interested" parties. 28 U.S.C. § 2201(a) (Supp. V 1993). The existence of a sufficiently

concrete dispute between the parties remains, however, a jurisdictional predicate to the vitality of such an action. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-41, 57 S.Ct. 461, 463-64, 81 L.Ed. 617 (1937); Spectronics Corp. v. H.B. Fuller Co., 940 F.2d 631, 633-34, 19 USPQ2d 1545, 1547 (Fed.Cir.), cert. denied, 502 U.S. 1013, 112 S.Ct. 658, 116 L.Ed.2d 749 (1991). Indeed, the "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Preiser v. Newkirk, 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975). The burden is thus on Chase "to establish that jurisdiction over its declaratory judgment action existed at, and has continued since, the time the [claim] was filed." International Med. Prosthetics Research Assocs. v. Gore Enter. Holdings, Inc., 787 F.2d 572, 575, 229 USPQ 278, 281 (Fed.Cir.1986).

"The long established rule of law is that a declaratory judgment plaintiff must establish an actual controversy on the 'totality of the circumstances.' " Spectronics, 940 F.2d at 634, 19 USPQ2d at 1547 (quoting Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 272, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941)). In the domain of suits for declarations of patent rights and relationships, a two-part test for determining justiciability has evolved. As we stated in BP Chemicals,

There must be both (1) an explicit threat or other action by the patentee, which creates a *reasonable* apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) *present* activity which could constitute infringement or concrete steps taken with the intent to conduct such activity.

4 F.3d at 978, 28 USPQ2d at 1126 (emphasis added). Again, the "purpose of the two-part test is to determine whether the need for judicial attention is real and immediate," in which case the federal courts have jurisdiction, or whether it is "prospective and uncertain of occurrence," in which case they do not. Id. Because we test the presence vel non of an actual controversy by reference to the facts of each case, generally applicable rules are few. Our cases do, however, mark out the endpoints of the continuum: On the one hand, a party who fears potential

> infringement liability as a result of its past or present acts can be placed in reasonable apprehension of a suit for patent infringement, and thereupon bring a justiciable declaratory judgment action, by conduct that falls short of an express threat of infringement litigation. Goodyear Tire & Rubber Co. v. Releasomers, Inc., 824 F.2d 953, 955-56, 3 USPQ2d 1310, 1311-12 (Fed.Cir.1987). On the other hand, a patentee defending against an action for a declaratory judgment of invalidity can divest the trial court of jurisdiction over the case by filing a covenant not to assert the patent at issue against the putative infringer with respect to any of its past, present, or future acts, even when a reissue application covering the same claimed subject matter is then pending. Spectronics, 940 F.2d at 636-38, 19 USPQ2d at 1549-51.

Super Sack Manufacturing Corporation v. Chase Packaging Corporation, 57 F.3d 1054, 1058-59 (Fed. Cir. 1999). See also Fort James Corporation v. Solo Cup Company, 412 F.3d 1340, 1347-49 (Fed. Cir. 2005).

Based upon these principles, the court concludes that it cannot resolve this matter without resort to documents (such as the contract between Adenta and American) which are not in the record. Moreover, the parties have not stated that American and OrthoArm have provided Adenta with a covenant not to assert infringement. Therefore, the court ORDERS that "Defendant OrthoArm's Motion to Dismiss Adenta's Complaint for Lack of Subject Matter Jurisdiction" (filed December 22, 2005) IS DENIED without prejudice.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 20th day of January, 2006.

                                        s/ Thomas J. Curran
                                        Thomas J. Curran
                                        United States District Judge