# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ADENTA GMBH, DR. WOLFGANG HEISER,
and MR. CLAUS SCHENDELL,

                Plaintiffs,          Case No. 04-C-905

     v.

ORTHOARM INC. and AMERICAN
ORTHODONTICS CORPORATION,

                Defendants.

## OPINION AND ORDER

After a jury returned a verdict in favor of the Plaintiffs in this patent case, Defendant OrthoArm, Inc. renewed its motion for judgment as a matter of law (JMOL) on the ground that: (1) claim 9 of the '883 patent is not invalid as obvious, and that (2) Adenta failed to offer sufficient evidence that its own device was on sale at least a year before the Defendants' patent became effective. See Federal Rule of Civil Procedure 50(b). The court denied OrthoArm's motions for JMOL which were made during the trial. Its post-trial motions have been fully briefed.

Adenta GMBH brought this lawsuit against OrthoArm and American Orthodontics Corporation for a declaration that U.S. Patent No. 6,237,883 (the '883 patent) is invalid. Defendant American is the owner of the '883 patent by virtue of an assignment of the patent to American from OrthoArm who previously was assigned the patent from Dr. John C. Voudouris, the named inventor. The '883 patent, owned by American, is for a pre-engaging orthodontic bracket which includes a body having a

lingual surface for attachment to a tooth, a pair of laterally spaced gingival tie wings and a pair of laterally spaced occlusal tie wings. Adenta claims that it fears being sued for infringement of the '883 patent. Although American is the owner of all rights in the patent, OrthoArm has standing to defend the validity of the patent pursuant to the terms of a 2002 settlement agreement. The parties to that agreement provided that: "OrthoArm shall . . . have the right but not the obligation to assume the responsibility and the cost of defending the validity or enforceability of the '883 patent." Mutual Settlement Agreement and General Releases at 7.

Under Federal Rule of Civil Procedure 50(b), judgment as a matter of law is appropriate if the movant renews its motion after verdict and the movant meets its burden of establishing that there is no legally sufficient evidentiary basis for a reasonable jury to find for a party on an issue. See Denius v. Dunlap, 330 F.3d 919, 927, 928 (7th Cir. 2003). A legally sufficient amount of evidence need not be overwhelming, but it must be more than a "mere scintilla." Flipovich v. K & R Express Systems, Inc., 391 F.3d 859, 863 (7th Cir. 2004). In ruling on the motion, following a jury trial, a court may not reweigh the evidence nor substitute its own credibility determinations for that of the jury. The evidence must be viewed in a light most favorable to the prevailing party. See Bruno v. United Airlines, Inc., 239 F.3d 848, 857 (7th Cir. 2001). A Rule 50 motion proceeds on the basis of the evidence the jury actually had before it. See Flipovich, 391 F.3d at 863. If reasonable persons could not find that the evidence justifies a decision for a party on an essential element of its claim, the court must grant judgment as a matter of law. See Deimer v. Cincinnati Sub-Zero Products, Inc., 58 F.3d 341, 343 (7th Cir. 1995).

# I. OBVIOUSNESS

First, OrthoArm asks for judgment as a matter of law that the Plaintiffs failed to offer sufficient evidence to prove that claim 9 of the '883 patent is invalid as obvious. See 35 U.S.C. § 103. Claim 9 is: "An orthodontic bracket as claimed in claim 7, wherein said body defines gingival and occlusal directions, and wherein said tie wing, comprises an occlusal tie wing." Complaint at Exhibit A. The movant maintains that a finding of obviousness requires satisfaction of a two-part test: a motivation to combine references and a reasonable expectation of success. Neither prong of this test was satisfied by sufficient evidence, according to OrthoArm.

At trial Adenta introduced evidence that its orthodontic bracket was displayed at the American Association of Orthodontics Conference in Florida in 1994. In response to the post-trial motions, Adenta recounts the evidence which supports the finding of obviousness:

> OrthoArm acknowledges that the suggestion or motivation to supply a missing limitation may be supplied "from the knowledge of one of ordinary skill in the art." See SIBIA Neurosciences, Inc. v. Cabus Pharmaceutical Corp., 225, 1349, 1356 (F.Cir. 2000). Voudouris testified that self-ligating brackets like those depicted in the '883 patent can be mounted to open either gingivally or occlusally, it is simply a matter of choice.
>
> Further, both a suggestion to provide the missing limitation and a reasonable expectation of success is demonstrated in Exhibit 6, the January 5, 1995, fax from John Voudouris to Adenta, in which he asks whether all the clips open toward the gingival for both upper and lower brackets. Voudouris testified that he couldn't tell from the TIME brackets that he had received from Adenta by January of 1995 whether they all opened gingivally or whether some might open occlusally, which was consistent with his

3

> understanding that similar brackets could be mounted to open either gingivally or occlusally. Voudouris' inquiry in 1996 thus demonstrated that it was within the knowledge of one skilled in the art that a self-ligating bracket could be applied to a tooth to open either gingivally or occlusally. And further, his question indicates a reasonable expectation for success fro [sic] brackets mounted in either fashion (or else he would not have bothered to ask Adenta the question). If there was no reasonable expectation that a bracket applied to open occlusally would work successfully, he would not have bothered to ask.

Plaintiffs' Brief in Partial Opposition to OrthoArm's Motion for JMOL, or in the Alternative, for a New Trial" at 14-15.

Viewing this evidence in a light most favorable to Adenta, this evidence is sufficient to justify a verdict or ruling in favor of the Plaintiffs on the issue of obviousness. Given the prior existence of Adenta's bracket as displayed in Florida, the subject matter of claim 9 of the '883 patent would have been obvious at the time of the claimed invention to a person having ordinary skill in the art of making orthodontic brackets.

## II. ON-SALE BAR

Next, OrthoArm quarrels with Adenta's claim that the '883 patent is invalid because the bracket was "on sale" or "in public use" more than one year before the priority date of the '883 patent. 35 U.S.C. § 102(b). See also Gemmy Industries Corporation v. Chrisha Creations, Ltd., 2006 WL 1703492 (Fed. Cir. June 22, 2006). At trial, Adenta called five witnesses who testified that its bracket was on sale at the Florida Conference which was held more than one year before the priority date of the '883 patent. However, OrthoArm contrends that the United States Supreme Court has

4

ruled that a party seeking to invalidate a patent must produce some documentary testimony to corroborate the oral testimony, particularly when the testimony is offered by interested parties, citing Washburn v. Moen Manufacturing Company v. Beat 'Em All Barbed-Wire Co., 143 U.S. 275 (1892).

In response, Adenta argues that OrthoArm construes the Supreme Court's ruling too broadly and points out that the Federal Circuit has explained that "oral testimony of someone other than the alleged inventor may corroborate an investor's testimony," citing Sandt v. Technology, Ltd. v. Resco Metal and Plastics Corporation, 264 F.3d 1344, 1351 (Fed. Cir. 2001). At trial, Plaintiffs Wolfgang Heiser and Claus Schendell, who developed Adenta's bracket, testified that their bracket was on sale at the Florida Conference. They are clearly interested parties. However, their testimony was corroborated by the testimony of Dr. Voudouris, John Russell and Lee Tuneberg.

Dr. Voudouris, president of Defendant OrthoArm and the claimed inventor of the '883 patent, attended the Florida Conference. He also testified that it was his understanding that the '444 patent covers the brackets that Adenta displayed at the Florida Conference. His testimony was reflected by Exhibits 61 (first production Adenta bracket) and 61A (photograph of first production Adenta bracket).

John Russell, sales representative for Adenta's brackets in England, testified that sales of Adenta products account for only three percent of his company's sales. In addition, he pointed out that the '883 patent is a United States patent, while the British patent application filed by Dr. Voudouris had been abandoned. Given these facts, Russell's interest in Adenta is not sufficient to discredit his testimony as a matter of law. Thus, Russell's statement that, at the Florida Conference in 1994, Plaintiff

5

Schendell told him that "he was launching a new product, [a] self-litigating bracket," Transcript at 227, corroborates the statements of Heiser and Schendell.

The record contains no persuasive evidence that Lee Tuneberg, Vice President of Research and Product Development at American Orthodontics, was an interested witness. In response to the question "Will American Orthodontics benefit if the '883 patent is invalidated," Transcript at 272, Tuneberg testified that:

> A. It's a two-edged sword. It's very difficult to say. We will benefit in the sense that we won't pay royalties to Dr. Voudouris, however, if the patent is invalidated, it opens up the manufacture to all of my competitors to make which they can't make right now, so it's impossible to say that we will benefit or not benefit.

Id. Tuneberg confirmed that Adenta's bracket was on sale at the 1994 Florida Conference.

In addition to this oral testimony, the Plaintiffs offered the following documents to corroborate their position: Exhibit 23 (Heiser drawings); Exhibit 52 (German patent application); Exhibit 77 (Florida Conference Exhibitor Guide); Exhibit 12 (Fax from John Russell to Adenta); Exhibit 7 (article); Exhibit 24 (Koerner Letter to U.S. Patent Attorney Charles Mueller). Although none of these documents is strictly contemporaneous with the 1994 Conference, they were created shortly before or shortly after the occasion.

Given the quality and quantity of this evidence, reasonable fact finders could find a clear and convincing evidentiary basis to rule for the Plaintiffs on this issue. Therefore, the court will not disturb the verdict.

6

## **ORDER**

For the reasons explained above, the court ORDERS that the "Defendant OrthoArm's Renewed Motion for Judgment as a Matter of Law" (filed June 13, 2006) IS DENIED.

IT IS FURTHER ORDERED that "OrthoArm's Renewed Motion for Judgment as a Matter of Law that U.S. Patent No. 6,257,883 Is Not Invalid" (filed June 13, 2006) IS DENIED.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 11th day of July, 2006.

s/Thomas J. Curran<br>
Thomas J. Curran<br>
United States District Judge